UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS NORTHROP

        Plaintiff(s),

  v.

ROBERT AYERS, JR.

        Defendant(s).
_____/

No. C 06-02527 MHP

**ORDER TO SHOW CAUSE**

Thomas Northrop, an inmate at San Quentin California State Prison, filed this petition with the assistance of counsel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing Section 2254 Cases. His petition is now before the court for review pursuant to 28 U.S.C. 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

BACKGROUND

Northrop's petition reports that he was convicted of second degree murder and felony child abuse, California Penal Codes §§ 187 and 273(a)(1) in the San Mateo County Superior Court. On February 17, 1981, he was sentenced to fifteen years to life imprisonment, with a concurrent term of the mid-term of two years imprisonment for child endangerment. Northrop's petition concerns the execution of his sentence rather than his conviction. Specifically, he challenges the denial of parole by the Board of Prison Terms ("BPT"); that decision became final on November 16, 2004. Northrop filed a petition in state court challenging that denial on April 8, 2005 and the California Supreme Court denied his petition on January 4, 2006.

## LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citations omitted).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c).

## DISCUSSION

Northrop petitions this court for a writ of habeas corpus on three grounds challenging the BPT's denial of parole. His claims are all based on the contention that the BPT's actions violated his constitutional right to due process. Northrop's petition cites to the lack of evidence to deny him parole. He also claims that the BPT misconstrued and failed to consider substantial evidence tending to show his suitability for parole. Northrop further claims that the BPT's decision to deny him parole was unfounded and arbitrary and in violation of the BPT's own statutory and regulatory provisions. Specifically, Northrop claims that the BPT has denied him parole year after year based on the nature of the underlying offense for which he was convicted. This, he claims, contravenes parole board regulations. Northrop also claims the BPTs alleged policy of denying parole to

2

prisoners convicted of murder "has turned upside down the legislative design for predictability and uniformity of terms." Pet., p. 54. Finally, Northrop makes two requests: First, that the court issue an order that requires respondent to respond to the petition in accordance with the stipulated briefing schedule; second, that the court preclude respondent from moving to dismiss on the ground that California law does not give petitioner a protected interest in parole under the federal due process clause. It appears from the face of Northrop's petition that state court remedies were exhausted for each of his claims.

In its essence, Northrop's petition contains three claims for relief: First, Northrop asserts that his right to due process was violated when the BPT found him unsuitable for parole on November 16, 2004 because there was no evidence to support BPT's refusal to grant parole. Liberally construed, the allegation of insufficient evidence to support a decision to deny parole states a claim for a due process violation. See Board of Pardons v. Allen, 482 U. S. 369 (1987). Therefore, petitioner states a cognizable cause for relief under this claim.

Second, he states that the refusal to grant him parole "arbitrarily disregarded controlling state law and the Board's own regulations." Pet., p. 8. The BPT must follow state law and their own regulations in order to protect a prisoner's constitutional liberty interest. Id. at 381. This claim, therefore, states a cognizable federal due process claim.

Third, Northrop claims that the BPT's policies are contrary to the legislative intent of state sentencing law, specifically Penal Code § 3041, because the BPT rarely grants parole to prisoners convicted of murder. Northrop claims this practice is contrary to the legislative intent of 3041 because the statute was enacted to provide a "scheme for the parole of murders and other life-sentenced prisoners." Pet., p. 49. Petitioner claims that because section 3041 instructs the state to "set a release date unless it determines that . . . public safety requires a more lengthy period of incarceration," the denial of parole to the majority of eligible convicted murders conflicts with the legislative intent to provide predictability and uniformity in evaluating eligibility for parole. Cal. Penal Code § 3041. The Ninth Circuit has recognized that a prisoner has a constitutionally protected liberty interest in parole. Sass v. Cal. Board of Prison Terms, No. 05-16455, 2006 WL

3

2506393, at *5-6, (9th Cir. Aug. 31, 2006); McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002). Therefore a claim that the BPT misapplied state law in a manner that denied Northrop parole does state a cognizable claim for habeas relief.

Finally, petitioner requests that the court prohibit respondent from filing a motion to dismiss on the grounds that the court lacks subject matter jurisdiction. The court will not instruct a party not to file a motion to dismiss based on lack of subject matter jurisdiction. However, in the interest of judicial economy and fairness to petitioner, the court instructs respondent to raise the defense, if at all and if appropriate, along with all other issues that this Order to Show Cause addresses. The court will not accept piecemeal filings.

The court further instructs the parties to review three recent relevant decisions of this court and take them into consideration insofar as they are pertinent:

> Guillermo Rio v. Board of Prison Terms Commissioners, et al., C-05-1483MHP (N.D.Cal. December 21, 2006)
>
> Thomas v. Brown, C-05-1332MHP (N.D.Cal. December 21, 2006)
>
> Elkins v. Brown, C-05-1722MHP (N.D.Cal. December 21, 2006).

CONCLUSION

For the foregoing reasons,

1. The petition states cognizable due process claims and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, within **sixty days** of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4

4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondents no later than **thirty days** from the date of this order in accordance with the Stipulation to Briefing Schedule submitted by the parties.

5. In accordance with the Stipulation to Briefing Schedule submitted by the parties, any motion to dismiss the petition shall be filed within **sixty days** of service of a Rule 4 order. Any opposition shall be filed within **thirty days** of service of the motion, and any reply shall be filed within **fifteen days** of service of the opposition.

IT IS SO ORDERED.

Dated: January 11, 2006

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5

**ENDNOTES**